NO. 07-10-00479-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MARCH
25, 2011

 



 

CHRIS ALLEN MCLAIN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. A18122-0908; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND REMAND

Appellant,
Chris Allen McLain, filed a notice of appeal from his conviction for possession
of a controlled substance, and sentence of four years’ incarceration in the
Institutional Division of the Texas Department of Criminal Justice and $1,000
fine.  The appellate court clerk received
and filed the trial court clerk=s record on December 20, 2010.  The official court reporter filed a request
for extension of time to file the record on December 14, indicating that
appellant had not paid or made arrangements to pay for the reporter’s
record.  On December 15, this Court sent
correspondence to appellant directing him to pay or make arrangements to pay for
the reporter’s record by January 17, 2011, or the deadline for appellant’s
brief might be set in the absence of the reporter’s record.  On January 18, this Court received a second
request for extension of time to file the reporter’s record, which again identified
that appellant had not paid or made arrangements to
pay for the reporter’s record.  On
January 26, this Court notified appellant that his brief would be due on or
before February 25.  When appellant
failed to comply with this deadline, the Court sent appellant notice that his
brief was past due and advised appellant that failure to file his brief by
March 14, may result in the appeal being abated and
remanded to the trial court for further proceedings.  To date, appellant has failed to file his brief
or in any manner respond to our notices.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether appellant desires that counsel be appointed to represent him on the appeal;
and (3) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court appoints counsel for
appellant or if appellant retains counsel, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than April 20, 2011.    

 

Per Curiam

Do not publish.